UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05693-RGK-MAR | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Roberto Lazcon et al. v. Allstate Northbrook Indemnity Company et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On April 30, 2024, Roberto Lazcon, Guadalupe Gomez Salas, and Roberto Lazcon Gomez (collectively, "Plaintiffs") filed a Complaint against Gabriel Vatkin and Allstate Northbrook Indemnity Company ("Allstate") (collectively, "Defendants") in Los Angeles County Superior Court. (ECF No. 1-1.) Plaintiffs assert negligence and negligent misrepresentation claims against Vatkin, an insurance broker, based on his alleged misrepresentations about Plaintiffs' insurance coverage. In addition, Plaintiffs assert breach of contract and breach of the implied covenant of good faith and fair dealing claims against Allstate based on its denial of coverage. On July 5, 2024, Allstate removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441, *et seq*. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Allstate does not dispute that Vatkin is a California citizen. Instead, Allstate argues that he is a sham defendant and should be disregarded for purposes of determining diversity, because an insurance agent cannot be held liable for acts committed within the scope of his agency, so long as his agency is disclosed. *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992). While that may be the general rule, "California law does not preclude suit against an insurance agent who misrepresents the nature, extent or scope of coverage, or where there is a request or inquiry by the insured for a particular type or extent of coverage . . . ." *Lim v. Am. Gen. Life Ins. Co.*, 380 F. Supp. 3d 955, 958 (N.D. Cal. 2018) (citing cases). Liability may also attach if the agent acted as a "dual agent," which may be the

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05693-RGK-MAR | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Roberto Lazcon et al. v. Allstate Northbrook Indemnity Company et al.* | | |

case when he "is either an independent broker or has a long-term, special relationship with the insured." *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1079 (C.D. Cal. 1999).

Based on the Complaint, Vatkin does not appear to be fraudulently joined. Plaintiffs allege that Vatkin operated his own insurance brokerage, sold insurance to Plaintiffs "for many years," and "assit[ed] and broker[ed]" the policy at issue. (Compl. ¶¶ 2.) Moreover, Plaintiffs allege Vatkin misled them as to existence and extent of their coverage. On these allegations, liability against Vatkin may not be precluded. Consequently, Vatkin's presence in this action defeats diversity jurisdiction.

Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

All pending dates and matters in this action are vacated. The Clerk shall close this case.

**IT IS SO ORDERED.**

cc: **LASC,** 24NWCV01351

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |